# Morris James LLP

Eric J. Monzo
302.888.5848
emonzo@morrisjames.com

March 20, 2026

**Via ECF**
Hon. J. Kate Stickles
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE  19801

**Re:    In re Prime Core Technologies Inc., et al., No. 23-11161 (JKS)**
**PCT Litigation Trust v. Sun et al., 25-51975 (JKS)**

Dear Judge Stickles:

We represent Defendant Yuchen "Justin" Sun ("Sun") in the above-referenced adversary proceeding commenced by the PCT Litigation Trust (the "Trust").

Pursuant to Part F.1 of Your Honor's *Chambers Procedures*, we respectfully seek the Court's intervention regarding a discovery dispute.  On March 19, 2026, the Trust served its first set of document requests and interrogatories, which Sun believes is inappropriate while Sun's fully briefed motion to stay discovery is pending before the Court.  Sun requests that the Court enter an order staying discovery pending the resolution of his motion to stay discovery.

By way of background, on January 21, 2026, Sun filed a motion to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim.  *See* D.I. 15-17.  Thereafter, on February 11, 2026, Sun filed his motion to stay discovery pending the resolution of his motion to dismiss.  *See* D.I. 29.  Sun sought a stay of discovery for several reasons, including that his motion to dismiss (i) raises a constitutional challenge to Sun being before the Court in the first place; and (ii) is case dispositive and will preclude the Trust from repleading the preference claim (or recasting it as a fraudulent transfer claim) if he prevails.

On February 12, 2026, this Court held a status conference in the adversary proceeding and expressly refused to enter a case management order given the pendency of Sun's motion to stay discovery.  The Court specifically observed that it would be "disjointed, to say the least," to enter a case management order pending the resolution of the motion to stay discovery and adjourned the matter "until, at least, the motion to stay is considered."

Despite the current procedural posture of the case, on March 19, 2026, the Trust proceeded to serve Sun with its first set of document requests and interrogatories.  That discovery is broad in scope.  For example:

3205 Avenue North Blvd., Suite 100 | Wilmington, DE  19803 **T:** 302-888-6800 **F:** 302-571-1750
**Mailing Address** P.O. Box 2306 | Wilmington, DE 19899-2306 **www.morrisjames.com**

17809977/1

Hon. J. Kate Stickles
U.S. Bankruptcy Court for the District of Delaware
March 20, 2026
Page 2

MorrisJames

- Request for Production No. 2 seeks: "All Documents and Communications concerning the Transfers."

- Request for Production No. 8 seeks: "To the extent not covered by the foregoing, all Documents and Communications concerning the claims and allegations asserted against You in the Complaint."

- Interrogatory No. 3 seeks: "For each asset comprising the Transfers, describe any transfer, exchange, sale, pledge, or other use of the asset(s) that occurred after the Transfers."

- Interrogatory No. 6 seeks: "Describe what You knew or heard about Debtors' financial condition or solvency at any time."

This sweeping discovery underscores the importance of Sun's motion to stay, especially in light of his pending challenge to personal jurisdiction. As Sun explained in the motion to stay: "parties have a right not to litigate in a forum where the Court lacks personal jurisdiction over them" and "full discovery undermines due process considerations" when a challenge to personal jurisdiction is pending." *FTX Recovery Trust v. Meerun (In re FTX Trading Ltd.)*, 669 B.R. 575, 576 (Bankr. D. Del. 2025) (citing *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 13-cv1261, 2014 U.S. Dist. LEXIS 34503, at *6 (S.D. Ohio Mar. 17, 2014)); *accord Victoria's Secret*, 2014 U.S. Dist. LEXIS 34503, at *6 ("Staying merits discovery is consistent with the Court's pronouncement above that discovery must not 'undermine the due process considerations that personal jurisdiction is designed to protect.'").

Despite the Court's ambivalence towards allowing discovery to proceed while the motion to stay was pending and despite Sun setting forth a challenge to personal jurisdiction, the Trust has proceeded to serve the full battery of discovery. Unless the Court intervenes, Sun's due process rights will be compromised.

On March 20, 2026 at 10:00 a.m., the parties met and conferred in a good faith attempt to resolve this issue and were unable to come to a resolution.

Thank you for your consideration to this matter.

Respectfully yours,

Eric J. Monzo (DE 5214)

cc:     Counsel of Record (via ECF)

17809977/1