

James A. Pardo
Partner
jpardo@mcdermottlaw.com
+1 212 547 5353

March 23, 2026

**VIA ECF**

Hon. J. Kate Stickles
US Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE 19801

**Re:**   ***In re Prime Core Technologies Inc., et al.*, No. 23-11161 (JKS)**
***PCT Litigation Trust v. Sun et al.*, Adv. Proc. No. 25-51975 (JKS)**

Dear Judge Stickles:

On behalf of Plaintiff PCT Litigation Trust ("Plaintiff"), I am responding to Defendant Yuchen "Justin" Sun's ("Defendant") letter to the Court dated March 20, 2026 [Adv. Doc. No. 41], by which he requests that all discovery be stayed in this Adversary Proceeding while his Motion to Stay Discovery ("Motion to Stay") [Adv. Doc. Nos. 29-30] is pending with Your Honor.[1]

Defendant's request is premised on mischaracterizations of both (i) the applicable law and (ii) the guidance Your Honor has given on this issue at several pretrial conferences, including the one held with Defendant on February 12, 2026.  Your Honor repeatedly has made clear that discovery is not stayed upon the filing of a motion to dismiss.  Your Honor also has never directed that discovery is, or will be, automatically stayed simply by the filing of a motion to stay discovery.  Indeed, Your Honor explicitly declined to enter a case management order in this Adversary Proceeding to allow the completion of briefing on Defendant's Motion to Stay, as doing otherwise would lead to "disjointed" proceedings.  *See* Transcript Regarding Hearing Held 2/12/2026, *In re Prime Core Technologies, et al.*, No. 23-11161 [Doc. No. 1432, 20:22–21:24] (Bankr. D. Del. Feb. 12, 2026) ("I am concerned that if I rule on [Defendant's request to stay] today and there's a motion pending stay on my desk, I mean a motion to stay, without giving the parties opportunity to brief it, that it's a bit disjointed, to say the least.").

Nothing in the Court's prior comments on this issue imposed a prohibition on discovery in the interim. *See id*. at 23:2–4 ("[G]iven the pending motion to stay, I don't want to adjudicate [a stay] until I've seen all the parties' papers."); *see also* Transcript Regarding Hearing Held 9/9/2025, *In re Prime Core Technologies, et al.*, No. 23-11161 [Doc. No. 1249, 48:19–24] (Bankr. D. Del. Sep. 9, 2025) ("THE

---

[1]   Capitalized terms not defined herein have the meanings ascribed to them in the *Complaint*.  [Adv. Doc. Nos. 1, 3].

**McDermott Will & Schulte**   One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Schulte LLP.*

March 23, 2026
Page 2

COURT: Okay.  Let me be clear that I look at each case based on its facts and its merits, and I'm not inclined to stay absent a motion to stay.  I will, however, entertain and analyze a motion to stay when and if a motion to dismiss is filed [and] fully briefed and [ripe] for disposition.  I am not going to stay absent a motion to stay."); *see id.*, 51:14–17 ("THE COURT: Yes.  I am not going to stay discovery.  I would entertain a motion to stay discovery if and when a motion to dismiss is fully briefed and [ripe] for adjudication.").

The Court's prior position on this issue, of course, not only squares with the law it makes perfect sense from the standpoint of efficient case management.  If Defendant's position were accepted, any party could unilaterally suspend discovery simply by filing a motion to stay discovery, regardless of that motion's merit.  That is not the law.  *See Bristol-Myers Squibb Co. v. Mylan Pharms.*, No. 09-651-LPS, 2011 WL 13371929, at n.5 (D. Del. July 11, 2011) ("A party cannot unilaterally absolve itself of its obligation to participate in discovery. Should a party believe it has a basis to refrain from participating in discovery, it should seek a protective order or a stay of discovery."); *Standard Chlorine v. Sinibaldi*, 821 F. Supp. 232, 261 (D. Del. 1992) (movants' assumption "that their filing of a motion for protective order permitted them to disregard [opposing party's] discovery requests . . . is incorrect"); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("[U]nless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all.").

Briefing is complete on the Motion to Stay.  Defendant's request that all discovery be stayed pending a decision on that Motion essentially asks Your Honor to pre-judge that Motion to Stay in Defendant's favor and to the prejudice of Plaintiff.  Such a result would be contrary to the law.

Likewise, Defendant's personal jurisdiction arguments do not warrant the sweeping stay of discovery he seeks.  A jurisdictional challenge does not entitle a defendant to have his assertions accepted at face value—particularly where, as here, those assertions turn on disputed facts uniquely within Defendant's possession, custody, and control.  Indeed, courts routinely reject this asymmetry and permit discovery to test such jurisdictional assertions.  *See, e.g., BF 3 Rivers JD SPV, LLC v. Lynchburg Renewable Fuels, LLC*, No. 4:24-CV-82, 2025 WL 3127091, at *1 (E.D. Tenn. July 3, 2025) (refusing to stay discovery despite foreign defendant's pending motion for lack of personal jurisdiction); *Bridgestone Ams., Inc. v. Int'l Bus. Machs. Corp.*, No. 3:13-cv-1196, 2016 WL 11786196, at *3 (M.D. Tenn. July 6, 2016) (declining to stay discovery although the movant was located in Japan, as the party's "fingerprints . . . [we]re all over this case"); *see also Charvat v. NMP, LLC*, No. 2:09-CV-209, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) (noting that "the impact of [the different] types of [Federal Rule 12(b)] motions on the issue of whether discovery should proceed is not substantially different").  Defendant's attempt to invoke "due process" as a shield against any discovery improperly seeks to convert a jurisdictional defense into a unilateral discovery bar.

Defendant's characterization of Plaintiff's discovery as "sweeping" also is misplaced.  The discovery Plaintiff served is appropriate and proportional to the claims and defenses in this Adversary Proceeding.  Far from imposing undue burden, these requests seek basic information that goes directly to the core issues in dispute and bears directly on both jurisdiction and the merits, including the Preferential Transfers, Defendant's knowledge of the Debtors' financial condition, Defendant's relationship with Prime, and the disposition of the transferred assets comprising the Preferential Transfers.  Defendant's attempt to label these requests as "inappropriate" and "broad" is nothing more than an effort to evade plainly relevant

**McDermott Will & Schulte**

March 23, 2026
Page 3

discovery.  Defendant offers no concrete showing of burden or any explanation why this discovery is not relevant.  Instead, he relies only on generalized objections and the pendency of his Motion to Stay which, as already noted, is insufficient.

Notably, Defendant seeks an extraordinary remedy—a complete halt to all discovery—without satisfying the standard for such relief.  *See Plaintiff's Opposition to Yuchen "Justin" Sun's Motion to Stay Discovery* [Adv. Doc. No. 35.]  Defendant's position also invites strategic delay.  By insisting that no discovery proceed while his Motion to Stay is pending, Defendant effectively seeks to control the pace of the litigation through motion practice alone.  That is particularly inappropriate where, as here, Defendant has placed factual issues squarely at the center of his arguments in his pending Motion to Stay and his pending *Motion to Dismiss Adversary Proceeding* [Adv. Pro. Nos. 15-17.][2]

Plaintiff has acted in good faith.  The parties met and conferred on March 20, 2026 but, despite our explanation of the applicable law and need for discovery, Defendant insisted that he need not respond to any discovery while his Motion to Stay was pending.  Our efforts to resolve this impasse with Defendant simply have not worked.

For these reasons, Defendant's request should be denied in its entirety.  Alternatively, and at a minimum, if the Court determines that any discovery limitation is appropriate pending resolution of the Motion to Stay, Plaintiff should be permitted to proceed with discovery on issues relevant to personal jurisdiction and Defendant's asserted factual defenses.[3]

*        *        *

As always, thank you for your time and consideration of this matter.

Respectfully submitted,

/s/

James A. Pardo

*Counsel for the PCT Litigation Trust*

cc:      Counsel of Record (via ECF)

---

[2]    Defendant has not completed briefing his Motion to Dismiss.  Defendant's reply is not due until April 13, 2026.

[3]    *See, e.g., FTX Recovery Trust v. Meerun (In re FTX Trading Ltd.)*, 669 B.R. 575, 578 (Bankr. D. Del. 2025) (permitting targeted jurisdictional and arbitrability discovery notwithstanding pending threshold challenges).