**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **J. KATE STICKLES**<br>**JUDGE** |  | **824 NORTH MARKET STREET**<br>**WILMINGTON, DELAWARE**<br>**302-252-3820** |

March 30, 2026

**VIA CM/ECF**

David R. Hurst, Esquire
McDermott Will & Shulte LLP
1000 N. West Street, Suite 1400
Wilmington, DE 19801
dhurst@mcdermottlaw.com

Eric J. Monzo, Esquire
Morris James LLP
3205 Avenue North Blvd., Suite 100
Wilmington, DE 19803
emonzo@morrisjames.com

James Pardo, Esquire
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, NY 10017-3852
jpardo@mcdermottlaw.com

Bethany D. Simmons, Esquire
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
bsimmons@loeb.com

> **RE:** **In re Prime Core Tech. Inc., et al., Del Bankr. Case No. 23-11161 (JKS)**
> **PCT Litigation Trust v. Yuchen "Justin" Sun and Polo Digital Assets**
> **LTD, Adv. Pro. No. 25-51975 (JKS)**
> **Related to Adv. D.I. 29, 30, 35, 36, 38, 41, and 42**

Dear Counsel:

The Court is in receipt of the letter (the "Letter") from Defendant Yuchen "Justin" Sun ("Sun") (Adv. D.I. 41[1]) requesting a stay of discovery and the letter response filed by Plaintiff PCT Litigation Trust ("PCT") (Adv. D.I. 42), as well as Sun's motion to stay discovery ("Motion to Stay Discovery"). Adv. D.I. 29-30. The Motion to Stay Discovery has been fully briefed and is

---

[1] Citations to D.I. __ reference the docket in the lead bankruptcy case, *In re Prime Core Technologies Inc.*, Case No. 23-11161. Citations to Adv. D.I. __ reference the docket in this adversary proceeding, *PCT Litigation Trust v. Yuchen "Justin" Sun and Polo Digital Assets Ltd.,* Adv. Pro. No. 25-51975.

*PCT Litigation Trust v. Sun*
Adv. Pro. No. 25-51975 (JKS)
March 30, 2026
Page 2

ripe for disposition.  *See* Adv. D.I. 38.  Following is the Court's ruling on the Letter and Motion to Stay Discovery.

By way of background, on August 12, 2025, PCT filed a complaint against defendants.  On January 21, 2026, Sun filed a motion to dismiss the complaint for lack of personal jurisdiction and for failure to state a claim (the "Motion to Dismiss").  Adv. D.I. 15-17.

At a status conference on February 12, 2026, the parties addressed whether a case management order should be entered given the recently filed Motion to Stay Discovery.  At the conclusion of the status conference, the Court did not enter a case management order and adjourned the matter until the Court considered the Motion to Stay Discovery.  *See* D.I. 1432 (Tr. Hr'g Feb. 12, 2026) at 21:6-24.

In March 2026, PCT served Sun with its first set of document requests and interrogatories.  Sun asserts, in both the Letter and the Motion to Stay Discovery, that discovery undermines due process considerations when a challenge to personal jurisdiction is pending.

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  The adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

Federal Rule 26(c), made applicable by Bankruptcy Rule 7026, provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending."[2]  Courts have broad discretion to decide stay requests.[3]  "Courts typically rely on three factors to determine whether a stay is appropriate: (1) whether granting the stay will simplify issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage."[4]  Here, the factors favor granting a partial stay of discovery.

The adversary proceeding is in its infancy.  A stay of discovery could arguably impede progress and delay ultimate adjudication of the adversary proceeding; thus, weighing against a stay. Notwithstanding, the Motion to Dismiss may simplify issues for trial or obviate the need for trial. The Court need not evaluate the legal merits of the Motion to Dismiss.  It is enough to "take

---

[2]  Fed. R. Civ. P. 26, made applicable to these proceedings by Fed. R. Bankr. P. 7026.

[3]  *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket and resolve discovery disputes.").  *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

[4]  *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 576–77 (Bankr. D. Del. 2025) (citations and footnotes omitted).

*PCT Litigation Trust v. Sun*
Adv. Pro. No. 25-51975 (JKS)
March 30, 2026
Page 3

known factors (e.g., the scope of the motion as it relates to the claims and issues in the cases) and assess how they might weigh in favor or against simplification."[5]  Ultimately, the adversary proceeding may be dismissed on personal jurisdiction grounds or on the merits.  The potential futility of discovery weighs in favor of a stay.[6]

While discovery stay requests often fail to succeed, when confronted with a personal jurisdiction dispute, "the equities tilt in favor of the [d]efendants."[7]  "When personal jurisdiction is at issue, it must be settled before reaching the merits of the case."[8]  "[A] defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."[9]

"[P]arties have a right not to litigate in a forum where the Court lacks personal jurisdiction over them and until that determination is made, full discovery undermines due process considerations."[10]  The third factor weighs in favor of a stay.

---

[5]  *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015) ("But in considering the prospects for simplification, our Court has assessed all of the possible outcomes of the proceeding or inquiry that the case would be stayed in favor of—not just the potential outcome most favorable to the party seeking the stay.").

[6]  *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) (holding that "[c]ourts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile.").

[7]  *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577 (Bankr. D. Del. 2025) (citations and footnotes omitted).  *See also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980) (personal jurisdiction is meant to "protect[ ] the defendant against the burdens of litigating in a distant or inconvenient forum."); *William Powell Co. v. Aviva Ins. Ltd.*, No. 21-cv-522, 2023 WL 5162654, at *7 & n.14 (S.D. Ohio Aug. 11, 2023) (explaining it would be "wasteful" to require full discovery participation by foreign defendant when, if motion to dismiss for lack of personal jurisdiction were granted, defendant could not be compelled to respond); *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (cautioning against broad jurisdictional discovery, explaining that " 'courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect.' " (quoting *In re Porsche Cars N. Am., Inc.*, No. 11-md-2233, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012)).

[8]  *Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 332 (6th Cir. 2018) (citations omitted).

[9]  *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citations omitted; cleaned up).

[10]  *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577–78 (Bankr. D. Del. 2025) (citations and footnotes omitted).

*PCT Litigation Trust v. Sun*
Adv. Pro. No. 25-51975 (JKS)
March 30, 2026
Page 4

Accordingly, the Court will stay discovery until the Motion to Dismiss is decided. Notwithstanding, the Court will permit limited discovery on personal jurisdiction issues, as appropriate.[11]  An order will follow.

Very truly yours,

J. Kate Stickles
United States Bankruptcy Judge

---

[11]  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citations omitted; cleaned up) ("Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous."); *Marchionda v. Embassy Suites, Inc.*, 122 F. Supp.3d 208 (D.N.J. 2015) (citations omitted) (District courts are directed to permit jurisdictional discovery, on issue of personal jurisdiction, unless the plaintiff's jurisdictional claims appear clearly frivolous.).