

Jim Pardo
Partner
jpardo@mcdermottlaw.com
+1 212 547 5353

June 26, 2026

**VIA ECF**

Hon. J. Kate Stickles
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE 19801

**Re:**     ***In re Prime Core Technologies Inc., et al.*, No. 23-11161 (JKS)**
       ***PCT Litigation Trust v. Yuchen "Justin" Sun, et al.,* Adv. Pro. No. 25-51975 (JKS)**

Dear Judge Stickles:

In accordance with Part F.1 of Your Honor's Chambers Procedures, plaintiff PCT Litigation Trust ("PCT") respectfully submits this response to defendant Yuchen "Justin" Sun's ("Mr. Sun") June 24, 2026 letter [Adv. D.I. 57], by which Mr. Sun seeks a protective order postponing his deposition and sanctions against PCT.

Mr. Sun's submission misrepresents PCT's position, the parties' meet-and-confer discussions, and the relevant procedural history.  The Court authorized jurisdictional discovery several weeks ago and all PCT has sought to do is take that discovery on jurisdictional issues that Mr. Sun *concedes* are proper while reserving PCT's rights with respect to jurisdictional issues that Mr. Sun has disputed.  To that end, PCT has offered several practical accommodations to Mr. Sun:  a mutually agreeable date, a remote deposition, and preservation of both sides' rights pending the Court's guidance on the disputed issues.  Mr. Sun's response has been absolute intransience—insisting that his deposition on *all* jurisdictional issues be suspended *entirely* until the parties' discovery disputes are resolved.  Mr. Sun's position ignores the Court's order permitting jurisdictional discovery, and his request for a protective order and sanctions should be denied.

## I.     Relevant Background

Mr. Sun's letter overstates the urgency of the parties' disagreement and mischaracterizes the parties' June 17, 2026 meet-and-confer discussions.

Hon. J. Kate Stickles
June 26, 2026
Page 2

The Court has already authorized jurisdictional discovery. [Adv. D.I. 43, 44.] Consistent with that order, PCT served jurisdictional discovery requests and noticed Mr. Sun's deposition. [*See* Adv. D.I. 45, 54.] Nothing in the Court's order required PCT to obtain Mr. Sun's advance consent before noticing the deposition, and the notice did not require Mr. Sun to appear on a unilateral date or in a burdensome location. As is typical of most deposition notices, the notice contained a placeholder date and location, and PCT made clear during the meet-and-confer that it would work cooperatively with Mr. Sun regarding scheduling. PCT affirmatively stated that the deposition would not proceed on the noticed date, that it would work with Mr. Sun to find a mutually agreeable date, and that it was willing to proceed by Zoom or where Mr. Sun resides on undisputed jurisdictional topics.

The parties' disagreement is therefore narrow. Mr. Sun asks the Court to halt his deposition altogether until the Court resolves every pending dispute concerning the scope of jurisdictional discovery. [*See* Adv. D.I. 55, 56.] PCT's position is that, because the Court has already authorized jurisdictional discovery, discovery should proceed now on jurisdictional topics that are not disputed, with both parties' rights reserved as to disputed topics pending further guidance from the Court. If the Court ultimately concludes that it would be more efficient to address the parties' jurisdictional discovery disputes before any deposition proceeds, PCT will of course abide by that ruling. But at this time, Mr. Sun's position does not justify suspending his deposition entirely and preventing PCT from obtaining discovery concerning topics he does not dispute are within the scope of the Court's authorization.

Mr. Sun also misstates PCT's rationale for the deposition. He repeatedly asserts that PCT seeks a limited deposition for one reason only—that PCT was concerned the Court might hold oral argument on or decide the pending Motion to Dismiss, [Adv. D.I. 15–17, 39–40, 46], before jurisdictional discovery concluded. That is not an accurate characterization of the parties' discussions.

PCT explained during the meet-and-confer that it wished to proceed expeditiously with the jurisdictional discovery the Court had already authorized. The potential impact of the pending Motion to Dismiss was one consideration, but not the only one. Indeed, after Mr. Sun circulated a memorialization email purporting to summarize the parties' meet-and-confer, PCT promptly responded on June 19 to clarify that "the potential impact of ongoing discovery on the briefing and adjudication of the motion to dismiss is one consideration, but not the sole basis for PCT's position," and reiterated that PCT believes it is entitled to proceed with the jurisdictional discovery authorized by the Court. [*See* Adv. D.I. 57-1, at 6.] PCT reiterated the same position on June 24. [*See id.* at 2.]

Nor did PCT ever agree to postpone Mr. Sun's deposition until the parties could make a joint submission to the Court regarding the disputed jurisdictional discovery topics. Mr. Sun suggested that the parties jointly seek guidance from the Court concerning the scope of disputed jurisdictional discovery. PCT agreed to consider that proposal internally, but PCT never represented that it would forgo jurisdictional discovery while that proposal was under consideration, nor did PCT agree to withdraw or defer the deposition notice.

**McDermott Will & Schulte**

Hon. J. Kate Stickles
June 26, 2026
Page 3

Mr. Sun's contention that PCT acted in bad faith, relied on "pretextual" concerns, or "secretly" intended to proceed differently is notable for its lack of support—because none exists. In fact, PCT has at all times been clear about its intentions (to take jurisdictional discovery) and has, in good faith, offered multiple accommodations to Mr. Sun in order for that discovery to proceed promptly and efficiently. PCT consistently maintained that the Court's order, [Adv. D.I. 44], entitled it to pursue jurisdictional discovery, while also agreeing to consider Mr. Sun's proposal for obtaining the Court's guidance on the pending disputes over the scope of jurisdictional discovery. PCT then advised Mr. Sun of its position after the federal holiday weekend and while PCT's counsel was addressing other Prime matters at a hearing. Mr. Sun may disagree with PCT's position, but it is neither improper nor sanctionable.

Mr. Sun likewise overstates the significance of PCT's consideration of his proposed search parameters for document discovery. That issue is distinct from the deposition notice and does not show that PCT is failing to proceed expeditiously. The proposed search terms include topics that Mr. Sun has repeatedly maintained fall outside the scope of authorized jurisdictional discovery, so PCT has evaluated them against the parties' competing positions on scope to avoid unnecessary rounds of revisions and to facilitate targeted discovery consistent with the Court's Order, *not* to delay matters.

In short, this dispute exists because Mr. Sun seeks to transform the parties' unresolved scope disputes into a complete stay of his deposition. The Court has authorized jurisdictional discovery, and there is no dispute between the parties that many of the noticed issues are proper. PCT seeks to proceed on those undisputed issues now, by Zoom or where Mr. Sun resides and on a mutually agreeable date, while preserving its ability to pursue other jurisdiction-related topics pending the Court's guidance. That is a reasonable approach—not bad faith—and Mr. Sun's overblown efforts to claim otherwise are entirely unsupported.

## II.     Mr. Sun Has Not Demonstrated Good Cause for a Protective Order

Federal Rule of Civil Procedure 26(c)(1) allows the Court, for good cause, to issue a protective order against discovery to shield a party "from annoyance, embarrassment, oppression, or undue burden or expense." "Rule 26(c) places the burden of persuasion on the party seeking the protective order," and "the party seeking the protective order must show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). A "[b]road allegation of harm, unsubstantiated by specific examples or articulated reasoning" is insufficient to show the need for a protective order. *Gianacopoulos v. Acuity*, No. 3:23-CV-00992, 2024 WL 3204245, at *2 (M.D. Pa. June 26, 2024) (quotation marks and citation omitted).

Mr. Sun seeks a protective order postponing the deposition until after the Court has ruled on the parties' discovery disputes; he does not seek to quash the deposition entirely. [Adv. D.I. 57 at 3.] But Mr. Sun has not identified any concrete harm from appearing for a remote deposition limited to topics on which the parties already agree. Instead, he relies on broad labels—"unnecessary, unduly burdensome, costly, improper, abusive, and completely inefficient." [*Id.*] Those are precisely the kinds of "broad allegation[s] of harm" that cannot establish good cause under Rule 26(c).

**McDermott Will & Schulte**

Hon. J. Kate Stickles
June 26, 2026
Page 4

Nor do Mr. Sun's references to his foreign residence establish good cause.  PCT has offered to proceed by Zoom on undisputed topics, eliminating any travel burden associated with an in-person deposition in New York.  Because the parties already have agreed on a narrow set of jurisdictional topics, PCT does not anticipate that an initial deposition on those topics will be lengthy.  And, in any event, the total length of Mr. Sun's deposition will remain subject to the seven-hour limitation imposed by Federal Rule of Civil Procedure 30(d)(1).

Moreover, proceeding now may avoid, rather than create, inefficiency.  If the Court later concludes that PCT is not entitled to examine Mr. Sun on additional topics (which, respectfully, it should not), the deposition may be deemed completed without a second sitting.  And if the Court authorizes discovery on the issues Mr. Sun has disputed, the parties can address them in a second, focused deposition.  Given that Mr. Sun is not asking the Court to prohibit the deposition altogether, Mr. Sun appears to agree that PCT is entitled to depose him at some point.  He has not shown good cause to delay questioning on the topics he concedes are proper.

Mr. Sun has not met Rule 26(c)'s good-cause standard, and PCT's proposed path forward is reasonable and efficient.  Mr. Sun's request for a protective order should be denied.

### III.    Mr. Sun's Request for Costs and Expenses is Meritless

Mr. Sun's request for costs and expenses is baseless.  Rule 26(c)(3) incorporates Rule 37(a)(5), which does not authorize fee-shifting where the opposing party's position was substantially justified or other circumstances make an award unjust.  PCT's position was substantially justified: the Court authorized jurisdictional discovery, PCT noticed a deposition to obtain that discovery, and PCT offered to proceed remotely or in Mr. Sun's location on undisputed topics while preserving both sides' rights on disputed topics.[1]  That conduct did not multiply proceedings or warrant sanctions.

Nor does the record support Mr. Sun's accusations of pretext or bad faith.  PCT's position—which repeatedly has been made clear to Mr. Sun's counsel—is that PCT is entitled to take Mr. Sun's deposition. PCT reaffirmed its position in writing on June 19 and June 24.  PCT did not agree to defer the deposition as a condition of considering Mr. Sun's proposal for a joint submission to the Court, and PCT's refusal to accept that condition does not make its position sanctionable.

To the extent the Court denies Mr. Sun's request for a protective order, Rule 37(a)(5)(B) would permit PCT to seek expenses subject to the same substantial-justification and equitable exceptions.  PCT does

---

[1] Mr. Sun characterizes PCT as the reticent party.  But he fails to acknowledge that the only compromise he has made on his unilaterally imposed limitations on jurisdictional discovery was to expand his proposed time period by less than two months. All of Mr. Sun's other proposals reflect his overly restrictive view of the relevant jurisdictional test.  Mr. Sun has been far less than the gracious compromising partner his letter makes him out to be.

**McDermott Will & Schulte**

Hon. J. Kate Stickles
June 26, 2026
Page 5

not seek fees at this time.  It asks only that the Court deny Mr. Sun's request for a protective order and for costs and expenses.

PCT remains available at the Court's convenience, including for a status conference if the Court would like to discuss sequencing or scope with the parties.  If the Court determines that further guidance should issue before any deposition proceeds, PCT will of course abide by that ruling; in all events, Mr. Sun's request for sanctions should be denied.

Respectfully submitted,


*/s/ James A. Pardo*
James A. Pardo
*Counsel for the PCT Litigation Trust*

cc:      Counsel of Record (via ECF)

**McDermott Will & Schulte**