**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered) |
| PCT Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Yuchen "Justin" Sun and Polo Digital Assets LTD,<br><br>Defendants. | Adv. Proc. No. 25-51975 (JKS)<br><br>**Related to Adv. Docket No. 26** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**WITH RESPECT TO DEFENDANT POLO DIGITAL ASSETS LTD**

Plaintiff PCT Litigation Trust ("Plaintiff" or "PCT") hereby moves (the "Motion"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of judgment by default against defendant Polo Digital Assets LTD ("Polo Digital"), substantially in the form attached hereto as **Exhibit A** (the "Default Judgment"). In support of the Motion, Plaintiff respectfully represents as follows:

[1] The debtors in the Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528) (collectively, the "Debtors" or "Prime"). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, and Article 12 of the *Amended Joint Chapter 11 Plan of Reorganization for Prime Core, Inc. and its Affiliated Debtors* [Docket No. 644-1] (the "Plan").

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiff consents to the entry of a final order or judgment with respect to the Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

### A. The Chapter 11 Cases

4. On August 14, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On December 21, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Amended Chapter 11 Plan of Reorganization of Prime Core Technologies Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 644] (the "Confirmation Order"), thereby confirming the Plan. The Plan became effective on January 5, 2024 (the "Effective Date"). *See* Docket No. 694.

**B. The Adversary Proceeding**

6. On August 12, 2025, Plaintiff initiated the above-captioned Adversary Proceeding against defendants Polo Digital and Yuchen "Justin" Sun ("Sun" and, together with Polo Digital, the "Defendants") by filing a complaint to avoid and recover certain transfers in an amount no less than $9,083,903.77 USD (the "Transfers"),[2] pursuant to 11 U.S.C. §§ 547 and 550, and to disallow claims pursuant to 11 U.S.C. § 502(d) [Adv. Docket Nos. 1, 3] (the "Complaint").

7. The Adversary Proceeding seeks judgment against Defendants in the amount of no less than $9,083,903.77 USD, plus filing fees in the amount of $350.00, totaling $9,084,253.77 USD, plus post-judgment costs pursuant to 28 U.S.C. § 1961.

8. On December 5, 2025, upon PCT's motion, the Court entered the *Order Authorizing Alternative Means of Service on Defendants Yuchen "Justin" Sun and Polo Digital Assets Ltd Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2)* [Adv. Docket No. 9] (the "Alternative Service Order").

9. Pursuant to the Alternative Service Order, on December 8, 2025, Plaintiff served Polo Digital with: (i) the sealed Complaint [Adv. Docket No. 3]; (ii) the *Summons and Notice of Pretrial Conference in an Adversary Proceeding* [Adv. Docket No. 4] (the "Summons"); (iii) the *Notice of Dispute Resolution Alternatives* [Adv. Docket No. 4-1] (the "ADR Notice"); and (iv) the Alternative Service Order. A copy of the *Affidavit of Service* [Adv. Docket No. 10], is attached hereto as **Exhibit B**.[3]

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Complaint.

[3] Plaintiff served Polo Digital in all of the manners authorized by the Alternative Service Order, including by (i) Federal Express to Polo Digital Assets LTD, F20, 1st Floor, Eden Plaza, Eden Island, Republic of Seychelles, Attention: Jiang Yiying, and (ii) email service to Jiang Yiying's email addresses 841101086@qq.com and yi@poloniex.com. As set forth in detail in the *Motion of Plaintiff PCT Litigation Trust for Entry of Order Authorizing Alternative Means of Service on Defendants Yuchen "Justin" Sun and Polo Digital Assets LTD pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2)* [Adv. Docket No. 6], those addresses were reasonably calculated to provide Polo Digital with notice of this Adversary Proceeding. Among other things, the

10. Pursuant to the Summons, Polo Digital was required to file and serve an answer, motion, or otherwise respond to the Complaint within 21 days after the date of service of the Summons. *See* Adv. Docket No. 4. Accordingly, the last day on which Polo Digital could timely answer or otherwise respond to the Complaint was December 29, 2025.

11. Polo Digital failed to file an answer or other response by the December 29, 2025 deadline.

12. On February 9, 2026, Plaintiff filed *Plaintiff's Request for Entry of Default with Respect to Defendant Polo Digital Assets LTD* [Adv. Docket No. 25] (the "Request for Default"). As noted in the supporting declaration attached to the Request for Default as Exhibit A (the "Hurst Declaration"), Plaintiff does not believe that Polo Digital is an infant or incompetent person or a person in the military service. *See* Hurst Declaration, ¶ 7.

13. On February 9, 2026, pursuant to the Request for Default, the Clerk of the Court entered default against Polo Digital. *See* Adv. Docket No. 26.

## RELIEF REQUESTED

14. By the Motion, Plaintiff requests that the Court enter the Default Judgment against Polo Digital, substantially in the form attached hereto as **Exhibit A**, in the amount of $9,084,253.77 USD, plus post-judgment costs pursuant to 28 U.S.C. § 1961.

## BASIS FOR RELIEF REQUESTED

15. Civil Rule 55(a), made applicable to this Adversary Proceeding by Bankruptcy Rule 7055, provides that the clerk of the court must enter a default against a defendant when it is

Seychelles address appears in Polo Digital's Transaction Escrow Services Agreement with Prime [Adv. Docket No. 6-2], which was executed on Polo Digital's behalf by Jiang Yiying, and has been independently corroborated as Polo Digital's business address. Likewise, the email addresses were identified in agreements executed by Ms. Yiying on Polo Digital's behalf and were used by Prime to communicate with Polo Digital concerning the parties' relationship, including Prime's May 16, 2023 Notice of Termination. [*Id.*]

shown by affidavit that the defendant has "failed to plead or otherwise defend" an action brought against such party. *See* Fed. R. Civ. P. 55(a).

16. Once default has been entered, a plaintiff may seek a default judgment under Civil Rule 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk … must enter judgment for that amount and costs …." *Id.* 55(b)(1). In all other cases, the plaintiff must seek a default judgment through a motion, and the Court must enter the default judgment. *See id*. 55(b)(2). Although Plaintiff's Complaint seeks recovery of a sum certain against Polo Digital, Plaintiff respectfully seeks entry of default judgment pursuant to Civil Rule 55(b)(2) because the Complaint alleges avoidance and recovery of Transfers made to or for the benefit of multiple defendants, requiring the Court to determine the appropriate judgment to be entered against Polo Digital.

17. Upon entry of default, Polo Digital is deemed to have admitted all well-pleaded factual allegations of the Complaint. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (citation omitted). The Court must nevertheless determine whether those admitted allegations establish Plaintiff's entitlement to relief and the amount of the judgment to be entered. *See* Fed. R. Civ. P. 55(b)(2). The admitted allegations, together with the documentary evidence in this Adversary Proceeding, establish Plaintiff's entitlement to the requested relief herein.

18. The Complaint alleges that: (i) Sun owned and/or controlled Polo Digital; (ii) that Prime maintained custodial relationships with Sun and Polo Digital pursuant to the Sun Custodial Agreement and the Polo Custodial Agreement; and that (iii) during the Preference Period, Prime transferred $9,083,903.77 from its omnibus BMO x3077 account to or for the benefit of

Defendants. [*See* Complaint ¶¶ 53–58, 73–78.] The Complaint further alleges that Chi Chan Che, using the email address chichan.che@tron.network, directed each of the Transfers through signed disbursement authorizations for or on behalf of both Defendants. [*Id.* ¶ 78.] Moreover, Defendants did not provide any subsequent new value to Prime following receipt of the Transfers during the Preference Period and, therefore, Defendants' preference exposure is no less than $9,083,903.77. [*See* Brennan Decl. ¶ 70.] Those allegations are deemed admitted by virtue of Polo Digital's default.

19. The evidentiary record further substantiates Plaintiff's claims, including the aggregate amount of the Transfers and Prime's API records, which reflect how individual disbursements were processed during the Preference Period. [*See* Brennan Decl. ¶¶ 66–70; Brennan Decl., Ex. 4.] Consistent with the Complaint, the API data also demonstrates that each Transfer was directed through the same authorized representative acting on behalf of Defendants. Thus, the documentary record aligns with Plaintiff's allegation that the Transfers were made "to or for the benefit of Defendants," while also identifying the account associated with each individual disbursement. Taken together, the admitted allegations of the Complaint and the documentary evidence establish Plaintiff's entitlement to recover the Transfers from Polo Digital under sections 547 and 550 of the Bankruptcy Code.

20. Entry of default judgment against Polo Digital is appropriate notwithstanding that Sun's liability has not yet been adjudicated.

21. *First*, adjudication of Polo Digital's liability does not depend upon adjudication of Sun's liability. Courts have recognized that default judgment may be entered in avoidance actions where the liability of the remaining defendant may be adjudicated independently. In *Albert v. Core Contrs. LLC (In re Shelton Fed. Grp., LLC)*, the bankruptcy court entered final default

judgment against one defendant while avoidance claims arising from the same transfers remained pending against another, reasoning that the remaining defendant could establish that the transfers "were not to him or for his benefit" without creating a judgment logically inconsistent with the default judgment. Adv. Pro. No. 17-10036, 2018 Bankr. LEXIS 2243, at *7–10 (Bankr. D.D.C. July 30, 2018). The court further concluded that there was "no just reason for delay" and directed entry of final judgment pursuant to Civil Rule 54(b). *Id.* at *8–10. The same reasoning applies here. Any defenses asserted by Sun concerning whether particular Transfers were made to or for his benefit would not negate Polo Digital's admitted liability. Likewise, Polo Digital's default neither establishes Sun's liability nor impairs Sun's ability to fully litigate Plaintiff's claims against him.

22. *Second*, entry of default judgment against Polo Digital would not produce logically inconsistent judgments. In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court cautioned that default judgment should not be entered against one defendant where doing so could result in logically inconsistent judgments among jointly liable defendants. That caution, however, is a narrow one. *See Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986) (explaining that *Frow* applies where facts established in favor of the non-defaulting defendants "as a matter of logic preclude the liability" of the defaulting defendant); *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, n.4 (2d Cir. 1976) ("at most, *Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of the others."). A default judgment against Polo Digital does not implicate that concern. Section 550 expressly authorizes recovery of an avoided transfer from "the initial transferee," "the entity for whose benefit such transfer was made," or subsequent transferees, while separately providing that "the trustee is entitled to only a single satisfaction." 11 U.S.C. §§ 550(a), (d). As the Bankruptcy Court for the Southern District of New York has

explained, a trustee "is free to pursue any of the immediate or mediate transferees, and nothing in the statute requires a different result." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 B.R. 59, 67 (Bankr. S.D.N.Y. 2023) (quoting *IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.)*, 408 F.3d 689, 706–07 (11th Cir. 2005)). Thus, Plaintiff's continued prosecution of its claims against Sun does not create a risk of inconsistent or duplicative recovery because any recovery obtained in this Adversary Proceeding remains subject to section 550(d)'s single-satisfaction limitation.

23. *Finally*, there is no just reason to delay entry of final judgment against Polo Digital pursuant to Civil Rule 54(b). Polo Digital has failed to answer, appear, or otherwise participate in this Adversary Proceeding despite being properly served pursuant to this Court's Alternative Service Order. Delaying judgment against a foreign defendant that has elected not to defend this action would unnecessarily prejudice Plaintiff's collection efforts while providing no corresponding benefit to the orderly administration of this Adversary Proceeding. *See In re Shelton Fed. Grp., LLC*, 2018 Bankr. LEXIS 2243, at *8–10 (finding no just reason for delay where postponing judgment could impair collection efforts, the default judgment would not bind the remaining defendant, and any later inconsistency could be addressed under Rule 60(b)).

24. Accordingly, because Polo Digital has defaulted and has admitted the well-pleaded allegations of the Complaint, and because Plaintiff has established the amount recoverable from Polo Digital through the evidentiary record, Plaintiff submits that all of the requirements of Bankruptcy Rule 7055 and Civil Rule 55 are satisfied, and that entry of the Default Judgment is appropriate.

*[Remainder of Page Intentionally Left Blank]*

25. WHEREFORE, Plaintiff respectfully requests this Court enter the Default Judgment, substantially in the form attached as **Exhibit A**, granting the Motion and entering a judgment by default against Polo Digital in the amount of $9,084,253.77 USD, plus post-judgment costs pursuant to 28 U.S.C. § 1961.

Dated: September 29, 2026
Wilmington, Delaware

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 351-8711
Email: dhurst@mcdermottlaw.com

-and-

Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
James A. Pardo (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
Benjamin F. Cooper (admitted *pro hac vice*)
Patrick V. Kennedy (admitted *pro hac vice*)
Joseph M. Aminov (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: dazman@mcdermottlaw.com
jbevans@mcdermottlaw.com
jpardo@mcdermottlaw.com
ggriffith@mcdermottlaw.com
bcooper@mcdermottlaw.com
pkennedy@mcdermottlaw.com
jaminov@mcdermottlaw.com

*Counsel to Plaintiff PCT Litigation Trust*