McDermott Will & Schulte

Jim Pardo
Attorney at Law
jpardo@mcdermottlaw.com
+1 212 547 5353

October 2, 2026

VIA ECF

Hon. J. Kate Stickles
U.S. Bankruptcy Court for the District of Delaware
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE 19801

**Re:** ***In re Prime Core Technologies Inc., et al.*, No. 23-11161 (JKS)**
***PCT Litigation Trust v. Yuchen "Justin" Sun, et al.*, Adv. Pro. No. 25-51975 (JKS)**

Dear Judge Stickles:

We represent plaintiff PCT Litigation Trust ("PCT") in the above-referenced adversary proceeding. Pursuant to the Court's instructions at the October 1, 2026 hearing, PCT and defendant Yuchen "Justin" Sun ("Mr. Sun" and, together with PCT, the "Parties") respectfully submit this letter addressing the three issues identified in the Court's September 30, 2026 Opinion [Adv. D.I. 66] (the "Opinion"), namely: "(i) whether the pending discovery disputes with respect to personal jurisdiction are moot; (ii) the implications of this ruling on the Letter Opinion and Discovery Order; and (iii) any other relevant case management issues." [Adv. D.I. 66 at 16.]

## I. Whether the Pending Jurisdictional Discovery Disputes Are Moot

The Parties agree that, in light of the Court's determination that it has personal jurisdiction over Mr. Sun, the jurisdictional discovery disputes pending before the Court [Adv. D.I. 55, 56, 57, 58] are moot.

## II. The Implications of the Opinion on the Letter Opinion and Discovery Order

### A. PCT's Position

PCT respectfully requests that the Court lift the discovery stay. The Court stayed merits discovery pending disposition of Mr. Sun's Motion to Dismiss, while permitting limited jurisdictional discovery, primarily to address the due process concerns associated with requiring Mr. Sun to engage in merits discovery before resolving his jurisdictional challenge. [Adv. D.I. 43, 44.] As the Court explained, "until that determination is made, full discovery undermines due process considerations." [Adv. D.I. 43 at 3 (quoting *FTX Recovery Tr. v. Meerun*, 669 B.R. 575, 577–78 (Bankr. D. Del. 2025)).] The Court has determined that it "has personal jurisdiction over Sun in this adversary proceeding." [Adv. D.I. 66 at 16.] That ruling removes the principal basis for limiting discovery. The remaining arguments in Mr. Sun's Motion to Dismiss concern the sufficiency of PCT's claims, not the Court's personal jurisdiction over him.

Mr. Sun therefore stands in the same position as every other defendant seeking a discovery stay pending the Court's resolution of a motion to dismiss for failure to state a claim in these Chapter 11 cases. In the *Bosonic* and *RockWallet* adversary proceedings, and as to defendant Enigma in that adversary proceeding, the Court allowed discovery to proceed notwithstanding pending motions to dismiss because there were no personal jurisdiction challenges in those cases. [See *PCT Litigation Trust v. Wyre Payments, Inc., et al.*, Adv. Pro. No. 25-51978 (JKS) [Adv. D.I. 40]; *PCT Litigation Trust v. Bosonic, Inc.*, Adv. Pro. No. 25-52031 (JKS) [Adv. D.I. 42], *PCT Litigation Trust v. Enigma Securities, Ltd., et al.*, Adv. Pro. No. 25-52370 (JKS) [Adv. D.I. 64].] Consistency and fairness to similarly situated defendants warrant the same result here. Accordingly, PCT respectfully requests that the Court lift the discovery stay and direct that merits discovery begin immediately.

**B. Mr. Sun's Position**

Defendant Yuchen "Justin" Sun respectfully submits this position regarding the effect of the Court's *Opinion* dated September 30, 2026 [D.I. 66] on the Court's prior Letter Opinion and Discovery Order. [D.I. 43, 44].

Defendant respectfully requests that the Court maintain the stay of discovery until it decides the Rule 12(b)(6) portion of the Motion to Dismiss, consistent with the Court's prior directive in the Letter Opinion and Discovery Order that "discovery will be stayed until the Motion to Dismiss is decided." The Court should adhere to that directive for several reasons.

***First***, in its Letter Opinion, the Court cited binding Third Circuit authority providing that "court[s] reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile." Letter Opinion at 3 n.6 (quoting *Elfar v. Twp. of Holmdel*, No. 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025); *accord* D.I. 30 at 5 (Sun Motion to Stay Discovery) (citing collecting cases). Defendant's Rule 12(b)(6) arguments—including that the Trust cannot satisfy its prima facie case given the hopeless commingling of assets—are case-dispositive and would render discovery futile.

At a minimum, Defendant has raised a substantial challenge to nearly $7.2 million of the $9 million in transfers at issue because they were paid on account of an alleged antecedent debt owed to a third-party. If Sun prevails on this issue alone, the case—and, in particular, the scope of discovery—will be materially different. The search terms used to collect and review documents likewise would change because the Trust seeks to include terms relating to the transferees of specific transfers. If the Court dismisses claims concerning certain transfers, those search terms would be unnecessary. Requiring the parties to collect and review documents now, only to repeat that process after the Court rules, would be inefficient and wasteful.

***Second***, even apart from the legal challenge that may render discovery futile, this Court has "broad discretion to decide stay requests." *FTX Recovery Trust v. Meerun (In re FTX Trading Ltd.)*, 669 B.R. 575 (Bankr. D. Del. 2025); *accord* D.I. 30 at 3.

This Court should exercise that discretion here to avoid further unnecessary litigation over merits-based discovery that will likely be resolved in connection with the Motion to Dismiss. As the Court is aware,

the parties asked it to resolve several threshold legal issues concerning the Trust's jurisdictional discovery. While those issues are moot, Defendant expects these issues to recur in connection with merits-discovery. For example, two issues that will likely recur involve (i) which transfers are relevant and (ii) whether the definition of "Sun" should be limited to Defendant individually or instead include any entity in which he has a controlling or managing interest. That issue has already arisen in connection with merits-based discovery that the Trust served on Sun before the stay of discovery.

The parties should not be required to relitigate these issues in connection with merits-based discovery because the Court's ruling on the Rule 12(b)(6) portion of the Motion to Dismiss likely will resolve many of them. For example, the Court will likely rule on which transfers the Trust may pursue, which will carry through to discovery. Similarly, the Court will likely have to resolve whether the Trust can equate co-defendant Polo with Sun, which again, will affect discovery. The Court's anticipated ruling on the Motion to Dismiss will directly affect the scope of discovery and may eliminate an otherwise inevitable discovery dispute, conserving judicial and party resources.

***Third***, this case is not a melting ice cube. The Trust waited more than 18 months after its formation to sue Defendant, filing suit two days before the statute of limitations expired. *See Celorio v. On Demand Books LLC*, No. 12-821, 2013 U.S. Dist. LEXIS 121449 (D. Del. Aug. 21, 2013) ("While the litigation delay may result in some level of difficulty for [the plaintiff], it is offset by [the plaintiff]'s own decision not to file suit until years after becoming aware of the [claims] and the fact that parties have a duty to preserve evidence from the point when litigation is pending or reasonably foreseeable.").

Moreover, in connection with the Motion to Stay Discovery, the Trust did not identify any undue prejudice from a stay beyond its stated desire to litigate "efficiently and expeditiously." D.I. 35 at ¶ 4; *see also id.* at ¶¶ 8, 41. However, any delay can be remedied through monetary damages. *See* D.I. 30 at 9 (collecting cases); *see also Ferrari v. Forbes Media LLC*, No. 25-12-GBW, 2025 U.S. Dist. LEXIS 50888 (D. Del. Mar. 19, 2025) ("[Plaintiffs'] concerns that further delay will prolong the resolution of this litigation can be adequately addressed and remedied through monetary damages if [plaintiffs] were to prevail at trial").

***Fourth***, the Trust's aggressive and uncompromising litigation tactics throughout this adversary proceeding have caused Defendant to incur unnecessary legal fees and expenses and further support a stay to prevent additional unnecessary litigation. By way of example, in connection with jurisdictional discovery, the Trust defined "Sun" to include any entity in which he had a "management or controlling interest" and sought discovery to identify "any legal, tax, regulatory or corporate filings made by You." As a result, the Trust sought disclosure of legal and tax information concerning entities unrelated to this litigation. When Defendant raised the issue, the Trust refused to budge whatsoever. This example illustrates the Trust's aggressive and uncompromising approach, which makes further discovery disputes likely. If the Court does not pause discovery, the parties are likely to expend additional time and fees litigating issues that the Court may resolve in deciding the Rule 12(b)(6) portion of the Motion to Dismiss.

Defendant anticipates that the Trust will rely on this Court's denial of motions to stay discovery in the *Wyre* and *Bosonic* adversary proceedings. *See PCT Litig. Trust v. Wyre Payments, Inc. (In re Prime Core Tech. Inc.)*, Adv. No. 25-51978, 2026 Bankr. LEXIS 808 (Bankr. D. Del. Apr. 2, 2026); *see also PCT Litig. Trust v. Bosonic, Inc, (In re Prime Core Techs., Inc.)*, Adv. No. 25-52031, 2026 Bankr. LEXIS 853

(Bankr. D. Del. Apr. 6, 2026). Any reliance on those adversary proceedings is misplaced because this adversary proceeding is very different. First, in both *Wyre* and *Bosonic*, the defendants sought a stay to avoid the burden and expense of discovery. That is not the case here. Defendant seeks a stay to allow the Court to issue a ruling that will inform the scope of discovery without having to undertake the document collection and review process twice. Second, the Court found that both sets of defendants "did not meet the 'high bar' of a clear and convincing showing that the Motion to Dismiss will likely be granted." Defendant respectfully submits that he has done so here as to the entire case but at least as to over $7 million of transfers, which, again, will alter the scope of discovery. Thus, the Court's ruling in *Wyre* and *Bosonic* do not have any bearing on this adversary proceeding.

For these reasons, Defendant respectfully requests that the Court maintain the stay of discovery.

## III. <u>Other Relevant Case Management Issues</u>

The Parties agree that any other case management issues, including a case management order, depend largely on the Court's ruling on issue (ii) above. The Parties will proceed accordingly following that ruling and of course follow any direction from the Court.

The Parties remain available at the Court's convenience should Your Honor have any questions or wish to discuss these issues further.

Respectfully submitted,

**McDERMOTT WILL & SCHULTE LLP**

*/s/ James A. Pardo*
James A. Pardo (admitted pro *hac vice*)
Darren Azman (admitted *pro hac vice*)
Joseph B. Evans (admitted *pro hac vice*)
J. Greer Griffith (admitted *pro hac vice*)
Patrick V. Kennedy (admitted *pro hac vice*)
Cris W. Ray (admitted *pro hac vice*)
Joseph M. Aminov (admitted *pro hac vice*)
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Email: dazman@mcdermottlaw.com
jbevans@mcdermottlaw.com
jpardo@mcdermottlaw.com
ggriffith@mcdermottlaw.com
pkennedy@mcdermottlaw.com
cray@mcdermottlaw.com
jaminov@mcdermottlaw.com

– and –

David R. Hurst (I.D. No. 3743)
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
Facsimile: (302) 691-4573
Email: dhurst@mcdermottlaw.com

*Counsel to Plaintiff PCT Litigation Trust*

**MORRIS JAMES LLP**

*/s/ Dante S. Pavan*
Carl N. Kunz, III (DE Bar No. 3201)
Eric J. Monzo (DE Bar No. 5214)
Dante S. Pavan (DE Bar No. 7095)
3205 Avenue North Boulevard, Suite 100
Wilmington, Delaware 19803
Tel.: (302) 888-6800
Email: ckunz@morrisjames.com
emonzo@morrisjames.com
dpavan@morrisjames.com

– and –

**LOEB & LOEB LLP**

Bethany D. Simmons (admitted pro hac vice)
Noah Weingarten (admitted pro hac vice)
345 Park Avenue
New York, New York 10154
Tel.: (212) 407-4000
Email: bsimmons@loeb.com
nweingarten@loeb.com

*Counsel to Defendant Yuchen "Justin" Sun*