**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Prime Core Technologies Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11161 (JKS)<br><br>(Jointly Administered) |
| PCT Litigation Trust,<br><br>Plaintiff,<br><br>v.<br><br>Yuchen "Justin" Sun and Polo Digital Assets LTD,<br><br>Defendants. | Adv. Proc. No. 25-51975 (JKS)<br><br>**Related to Adv. Docket Nos. 26, 64, 75** |

**JUDGMENT BY DEFAULT**

Upon *Plaintiff's Motion for Default Judgment with Respect to Defendant Polo Digital Assets LTD* [Adv. Docket No. 64] (the "Motion")[2] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of judgment by default against defendant Polo Digital Assets LTD ("Polo"), and the *Entry of Default* [Adv. Docket No. 26] entered by the Clerk of the Court; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

1 The debtors in the Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: Prime Core Technologies Inc. (5317); Prime Trust, LLC (6823); Prime IRA LLC (8436); and Prime Digital, LLC (4528) (collectively, the "Debtors" or "Prime"). The Debtors' service address is 10845 Griffith Peak Dr., #03-153, Las Vegas, Nevada 89135.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article 12 of the Plan; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and Polo having failed to answer or otherwise respond to the Complaint by the applicable deadline; and the entry of a judgment by default being proper against Polo; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 7055 and Civil Rule 55(b)(2), judgment by default is hereby entered against Polo in the amount of $9,084,253.77 USD, plus post-judgment costs pursuant to 28 U.S.C. § 1961.

3. Plaintiff is authorized to take any and all actions necessary or appropriate to consummate, carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of this Judgment.

4. Neither this Judgment, any allegation in the Complaint deemed admitted by Polo, any finding of fact or conclusion of law (if any), nor the amount of the Judgment, shall (a) constitute a finding, determination, or admission of any fact, liability, or damages as to Yuchen "Justin" Sun ("Mr. Sun," and together with Plaintiff and Polo, the "Parties"); (b) have any preclusive effect (including by way of res judicata, collateral estoppel, claim preclusion, issue

preclusion, judicial estoppel, or judicial admission) or have any other binding effect on Mr. Sun in this Adversary Proceeding or in any other action or proceeding; (c) be offered, admitted, or relied upon as evidence against Mr. Sun; (d) otherwise prejudice or impair Mr. Sun's ability to fully defend and litigate Plaintiff's claims against him in the Adversary Proceeding; or (e) prejudice or impair PCT's ability to fully litigate its claims against Mr. Sun in the Adversary Proceeding, including any claim or argument that Mr. Sun is responsible for the actions of Polo. All of the Parties' respective rights, claims, and defenses are fully reserved and preserved.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Dated: October 15th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**